IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| TAMMIE MARSHALL, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. |
| § | |
| SAFECO INSURANCE COMPANY OF § | |
| INDIANA, § | |
| § | |
| Defendant. § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1446(a) and Local Rule CV-81(a), Defendant Safeco Insurance Company of Indiana ("Safeco" or "Defendant") files this Notice of Removal, hereby removing this action from the District Court, 416th Judicial District of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division.  Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Tammie Marshall ("Plaintiff") and Safeco, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In support of its Notice of Removal, Defendant would respectfully show the Court as follows:

**I.**

**INTRODUCTION**

This dispute arises from Plaintiff's claim for hail damage to her home located at 922 Rivercrest Blvd., Allen, Texas 75002, (the "Property").  Plaintiff alleges that Defendant breached a policy of insurance, and violated certain provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA") by, among other things, failing to pay Plaintiff's claim for damages resulting from an alleged hailstorm.

On September 16, 2014, Plaintiff filed her Original Petition in the District Court, 416th Judicial District of Collin County, Texas.  Safeco was personally served with a citation and a

---
**DEFENDANT'S NOTICE OF REMOVAL**                                                                                              **PAGE 1**

copy of Plaintiff's Original Petition on September 22, 2014 through its registered agent for service of process. Defendant timely filed an answer to Plaintiff's Original Petition. This Notice of Removal is being filed within thirty (30) days of service of the Petition, and is thus timely filed under 28 U.S.C. §1446(b).

## II.
### BASIS FOR REMOVAL

**A.** **DIVERSITY OF CITIZENSHIP**

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff Tammie Marshall is a citizen of Texas. *See* Plaintiff's Original Petition ¶3. Safeco Insurance Company of Indiana is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts.

**B.** **AMOUNT IN CONTROVERSY**

*1. Standards*

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). Where the plaintiff has not made a specific monetary demand and it is not facially apparent from the plaintiff's original petition that the amount in controversy exceeds $75,000, the defendant has the burden to prove that the amount in controversy exceeds the jurisdictional amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

A defendant can satisfy this requirement if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723 (internal quotations omitted). Where a defendant has met its burden, remand is proper only if the plaintiff can show that it is "legally certain that his

---

recovery will not exceed" the jurisdictional amount. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387 (5th Cir. 2009).

### 2. Plaintiff's Original Petition

Plaintiff's Original Petition includes causes of action against Safeco for (1) negligence; (2) breach of contract; (3) violations of the Texas Insurance Code, Chapters 542 and 541; (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"); (5) breach of common law of duty and good faith and fair dealing; (6) breach of fiduciary duty; unfair insurance practices; and (7) misrepresentation. Plaintiff also claims that because Safeco's alleged violations of the DTPA and Insurance Code were committed knowingly, Plaintiff is entitled for "additional damages under the DTPA, section 17.50(b)(1)…. thus entitled to the 18% damages allowed by the Texas Insurance Code".[1]

The breadth of Plaintiff's claims, her allegations regarding the extent of damages to her Property, and the fact that she seeks additional damages under the DTPA, section 17.50(b)(1) suggests that Plaintiff seeks to recover more than $75,000.00 from Safeco. However, Plaintiff's Original Petition does not include a specific monetary demand and does not specifically state the actual damages she claims to have suffered as a result of the alleged storm, or the total amount she seeks from Safeco.

### 3. Plaintiff's DTPA Demand

On September 11, 2014, Plaintiff's counsel sent a DTPA demand to Safeco that removes all doubt regarding the amount controversy in this case. Plaintiff's DTPA demand was for a total amount of $100,540.00. A true and correct copy of Plaintiff's DTPA demand is attached as **EXHIBIT 1** to the Affidavit of Mark D. Tillman, which is attached to this Notice of Removal as **EXHIBIT A**. The demand claims that Plaintiff's actual damages from the storm are $92,040.00 and that she has incurred $8,500.00 in attorney's fees.

---

[1] *See* Plaintiff's Original Petition, ¶71.

**DEFENDANT'S NOTICE OF REMOVAL**                                                                                                 **PAGE 3**

   4.  *Plaintiff's Claim For Attorneys' Fees*

  If a state statute provides for attorneys' fees, such fees are included as part of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990); see also 14A C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 3712, at 176 (2d ed. 1985).

  Here, Plaintiff seeks attorneys' fees in connection with her breach of contract action.[2] Plaintiff also asserts a claim for attorneys' fees for alleged "violations of the Texas Insurance Code."[3]

  Removal of this action is therefore proper under 28 U.S.C. § 1441(a).  This is a civil action brought in state court and this Court has original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332(a).  In addition, Plaintiff's citizenship is diverse from Defendant's. Finally, taking into account Plaintiff's claims for actual damages of $92,040.00, and attorneys' fees sought under various statutes, among other damage claims, the amount in controversy clearly exceeds $75,000.00.

## III.

## COMPLIANCE PROCEDURAL REQUIREMENTS

  As required by Local Rule CV-81(c)(1)-(5), Defendant also files (1) a listing all parties in the case, their party type, current status of the removal case (LR CV-81(c)(1)), (2) a Civil Cover Sheet and certified copy of the state court docket sheet, a copy of all pleadings and answers, and a copy of all process and orders served upon Defendant (LR CV-81(c)(2)), (3) a complete list of attorneys involved in the action being removed, including each attorney's bar number, address and telephone number and parties represented (LR CV-81(c)(3)), (4) a record of which parties have requested trial by jury); and (LR CV-81(c)(4)) and (5) the name and address of the court

---

[2] Plaintiff's Original Petition, ¶72.  *See* TEXAS CIVIL PRACTICE & REMEDIES CODE, §38.001.

[3] Plaintiff's Original Petition, ¶72.  *See* TEXAS INSURANCE CODE, §§541.152 and 542.060.

---

**DEFENDANT'S NOTICE OF REMOVAL**                          **PAGE 4**

from which the case is being removed. The information requested in items (1), and (3)-(5) are attached hereto as **EXHIBIT B** in a document entitled Supplemental Case Cover Sheet. The information requested in item (2) above is attached hereto as follows:

- **EXHIBIT B:** Supplemental Case Cover Sheet;
- **EXHIBIT C**: a certified copy of the state court docket sheet;
- **EXHIBIT D**: Index of State Court Filed Documents; and
- **EXHIBIT D-1 - D-2:** a copy of each document filed in the state court action.

Pursuant to Section 28 U.S.C. §1446(d), Defendant will give written notice of filing of this Notice of Removal to all adverse parties promptly after the filing of same.

Pursuant to 28 U.S.C. §1446(d), Defendant will file a true and correct copy of this Notice of Removal with the District Clerk, 416th Judicial District, Collin County, Texas promptly after filing of same.

## IV.

### CONCLUSION AND PRAYER

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-captioned action now pending in the District Court, 416th Judicial District, Collin County, Texas be removed to the United States District Court for the Eastern District of Texas, Sherman Division.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
COLIN BATCHELOR
State Bar No. 24043545

**TILLMAN BATCHELOR LLP**
1320 Greenway Drive, Suite 830
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721

Email: mark.tillman@tb-llp.com
colin.batchelor@tb-llp.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to Plaintiff's counsel of record via electronic means and/or facsimile, on the 21st day of October 2014 in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

Jesse Corona
SBN 24082184
Bill L. Voss
SBN 24047043
Scott G. Hunziker
SBN 24032446
The Voss Law Firm, P.C.
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bill.voss@vosslawfirm.com
scott@vosslawfirm.com
jesse@vosslawfirm.com

*/s/ Mark D. Tillman*
MARK D. TILLMAN